IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, #07960-087, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1050-SMY |
| ) | |
| WILLIAM TRUE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Petitioner Christopher Oden's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Oden has served his term of incarceration and is currently in a halfway house in Clarksburg, West Virginia under conditions of supervision imposed by his sentencing court, the Northern District of West Virginia. *United States v. Oden*, Case No. 11-cr-056. Oden seeks an order from this Court altering his conditions of supervision.

The conditions of supervised released are part of the sentence. *United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015). Therefore, Oden is seeking to challenge the legality of the sentence itself, which he generally may only do via a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 in the sentencing court.[1] Accordingly, Oden's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition

---

[1] The Court notes that Oden has filed at least three § 2255 Motions in his original criminal case. Section 2241 is not an appropriate vehicle for attempting to circumvent the rules regarding successive motions under § 2255(h).

1

of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**